

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **JOHN M. CICHON, III,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 05 C 3050 |
| v. | ) |
| | ) Magistrate Judge |
| **JO ANNE BARNHART**, Commissioner | ) Martin C. Ashman |
| of Social Security, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM OPINION AND ORDER

Petitioner, Ashley S. Rose ("Petitioner"), the attorney for plaintiff John M. Cichon, III

("Claimant"), seeks an award of attorneys' fees and costs pursuant to 42 U.S.C. § 406(b).

Defendant, the Commissioner of Social Security ("Commissioner"), opposes Petitioner's motion

in part. The parties consented to have this Court conduct any and all proceedings in this case,

including the entry of final judgment, pursuant to 28 U.S.C. § 636(c) and N.D. Ill. R. 73.1(c).

For the reasons set forth below, Petitioner's fee request is granted in part and denied in part.

### I. Background

Claimant applied for Supplemental Security Income ("SSI") and for Disability Insurance

Benefits ("DIB") on January 19, 1999. *Cichon v. Barnhart*, No. 00-7833, 2003 WL 21673956, at

*1 (N.D. Ill. July 16, 2003). The Social Security Administration (the "Administration") denied

Claimant's application and did so again upon reconsideration. *Id.* Claimant then requested a

hearing before an Administrative Law Judge ("ALJ"), who denied Claimant's claim for benefits

on September 2, 1999. *Id.* The Social Security Appeals Council (the "Council") denied Claimant's request for review, and Claimant appealed the Council's decision to the district court. *Id.* There, the magistrate judge remanded the case to the ALJ and awarded Claimant fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $6,867.34. *Id.* The remand, however, resulted in an unfavorable decision for Claimant.

Next, Claimant appealed to this Court, and on July 12, 2006, the parties stipulated to a reversal and remand of the Administration's final decision pursuant to sentence four of 42 U.S.C. § 405(g). *Cichon v. Barnhart*, No. 05-3050, slip op. at 1 (N.D. Ill. May 22, 2006). Then, on October 26, 2006, this Court awarded Claimant EAJA fees in the amount of $4,700.00. Claimant has since begun receiving DIB (Pet'r's Mot. 6), and Petitioner timely filed the instant motion for attorneys' fees pursuant to 402 U.S.C § 406(b).

## II.    Discussion

Petitioner argues that the two EAJA fee awards she received relate to different "work." As a corollary, she argues that she need reimburse the claimant for only the latter EAJA fee award—which involved the same underlying Social Security claim for which she received her first EAJA fee award—because the work performed for the first and second EAJA awards did not involve the "same work." In support of her argument, Petitioner points out that, since the prior case, she performed "new work" to prepare for this case. (Pet'r's Mot. 6.) Therefore, Petitioner argues that she should be required to reimburse Claimant for only the $4,700.00 EAJA award that Petitioner received in this case, and not the $6,867.34 EAJA award that Petitioner received in the prior case. *Id.* This would result in a § 406(b) award of $7,994.75. *Id.* Petitioner

acknowledges that such a result would be contrary to the district court's decision in *Kopulos v. Barnhart*, 318 F. Supp. 2d 657 (N.D. Ill. 2004), but points out that "[d]istrict court decisions are not precedential." (Pet'r's Mot. 6.)

Should the Court reject her argument, Petitioner requests an alternative award of $1,127.41, reflecting the reimbursement of both above-mentioned EAJA fee amounts. *Id.* at 7. The Commissioner does not object to the amount in Petitioner's alternative request. (Def.'s Resp. 1.) The Commissioner does, however, object to Petitioner's final request that the Commissioner disburse any award within thirty days of this Court's decision. *Id.* The Court grants Petitioner's alternative request for relief, but refuses to set a deadline before which the Commissioner must disburse the award.

Under the Social Security Act ("SSA"), a court may award an attorney who successfully represents a claimant with "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b); *Gisbrecht v. Barnhart*, 535 U.S. 789, 792 (2002). A court also may award attorneys' fees and costs under the EAJA, which provides for an award of fees to the prevailing party when the government's position in the underlying litigation was not "substantially justified." 28 U.S.C. §§ 2412(d)(1)(A), (B); *Cunningham v. Barnhart*, 440 F.3d 862, 863 (7th Cir. 2006). That does not mean, however, that attorneys may collect under both statutes. *Gisbrecht*, 535 U.S. at 796 (allowing fee awards under both the EAJA and § 406(b), but ordering the claimant's attorney to refund to the claimant the amount of the smaller fee). Courts have "uniformly . . . held that when an attorney has received fees under both the EAJA and the SSA for the 'same work,' the attorney must reimburse the claimant for the amount of the EAJA award, but not more than the amount of

the SSA award." *Kopulos*, 318 F. Supp. 2d at 664 (citing *Jackson v. Sec'y of Dep't of Health & Human Servs. of U.S.*, No. 85-5180, 1989 WL 83493, at \*4 (E.D. Pa. July 21, 1989)).

Although the Court is not bound by district court decisions, it finds *Kopulos* persuasive. The Court agrees that "same work" should be defined as "same claim," and, therefore, "all EAJA awards granted for work performed on a claim must off-set the SSA fees awarded for work performed on the same claim." *Kopulos*, 318 F. Supp. 2d at 667. This construction is consistent with the legislative intent of Congress, which was "to make the claimant the primary beneficiary of the EAJA award." *Id.* Indeed, in drafting the 1985 EAJA amendment, Congress aimed to prevent "double dipping" – the payment of attorneys' fees under both the EAJA and SSA – because such double payments would "deprive the [the claimant] of the benefits intended by EAJA." *Id.* Other courts also have followed this interpretation. *See Thomas v. Astrue*, No. 07-0034, 2008 WL 3819869, at \*4 (S.D. Ala. Aug. 12, 2008) (finding that "the EAJA award . . . for work performed on [the claimant's] SSI claim must be off-set against the SSA fees awarded by the Social Security Administration for work performed on the same claim"); *Buchanan v. Astrue*, No. 05-6146, 2009 WL 113866, at \*4 (C.D. Cal. Jan. 15, 2009) (explaining that "[c]ourts have required attorneys to reimburse the claimant for the total amount of EAJA fees awarded for their services rendered during a prior action for judicial review on the same claim even though past-due benefits were not awarded until after a second action for judicial review"). Moreover, Petitioner offers no authority to support her argument that "same work" should be interpreted more narrowly to include only particular, itemized efforts. Therefore, the Court finds that Petitioner's § 406(b) award should be offset against the $4,700 EAJA fee from

- 4 -

this case, as well as the $6,867.34 EAJA fee from the prior case, which involved the same Social Security claim.

As to Petitioner's request for disbursement, the Court finds no basis for setting a specific deadline before which the Commissioner must disburse the funds. In her motion, Petitioner cites no authority for her proposed time limitation of thirty days, and the Court finds no such limitation in the text of § 406. Accordingly, the Court grants Petitioner's alternative fee request in the amount of $1,127.41, but makes no order with respect to the government's disbursement of the award.

### III. **Conclusion**

For the reasons stated above, Petitioner's alternative request for attorneys' fees and costs is granted. Fees and costs in the amount of $1,127.41 shall be paid directly to Petitioner, Ashley S. Rose.

**ENTER ORDER:**

**MARTIN C. ASHMAN**
Dated: August 18, 2009.                              United States Magistrate Judge